## APPEAL OF MRS. D. W. FISH.

Docket No. 6564.   Decided November 9, 1926.

*Louis B. Montfort, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the Commissioner.

Deficiency in income tax of $1,484.91 for 1919, resulting from the Commissioner's inclusion in petitioner's gross income of an amount of $16,000 received by her upon the sale of oil, gas and mineral rights. The facts are stipulated.

### FINDINGS OF FACT.

Petitioner's mother, Modena Jennings, died in 1916, and by her will left all her personal property to her husband, E. Y. Jennings, petitioner's father, who survived her. As to real property the will provided:

Third, I give to my beloved husband E. Y. Jennings during his natural life, and so long as he may live, all of my real estate and he is hereby given power to sell and dispose of the same, as he may see proper and after his death, the said real estate shall pass to our beloved children, or their descendants, share and share alike, as they would inherit, under the law of descent, and distribution as provided for under the laws of the State of Texas, and in the event the said real estate should be sold, by my beloved husband, during his life, then the proceeds arising therefrom shall descend and pass as the said real estate, as above mentioned.

The will was refused probate by the County Court, and an appeal was taken to the District Court, which sustained the decision of the County Court and refused the probate of said will. The probate of said will was being opposed by certain children of Mr. and Mrs. E. Y. Jennings, on the ground that E. Y. Jennings had exercised undue influence upon his wife prior to her death with reference to the making of said will.

After the decision of the District Court, and on or about May 27, 1919, petitioner and other heirs sold to one Anson Hazlewood, by warranty deed in fee simple, the oil, gas, coal, and other minerals in certain land which had been owned by petitioner's mother prior to her death, for which petitioner received from said Anson Hazlewood $16,000.

After this sale the case involving the will contest was appealed by others than petitioner to the Court of Civil Appeals, which reversed the decisions of the District Court and the County Court and remanded the case to the court of original jurisdiction for retrial. On May 16, 1922, said will was admitted to probate without retrial, the contestants having withdrawn their action. Said case is reported under the title of *Jennings* v. *Jennings*, 212 S. W. 772.

Demand was made by Anson Hazlewood upon petitioner for the return of the purchase money paid by him to petitioner. Anson Hazlewood claimed that under said decision petitioner did not have clear title to the oil, gas and mineral rights she had transferred.

Petitioner's father, E. Y. Jennings, by quitclaim deed dated June 7, 1919, deeded the oil, gas and mineral property rights in question to Anson Hazlewood. Said quitclaim deed recited that the prior deed had been given and that "title to said land is not vested wholly and in fee simple to the grantors" in such deed. It contained further the following:

Now THEREFORE, for and in consideration of the sum of Ten ($10.00) Dollars to me in hand paid by Anson Hazlewood, the receipt of which is hereby acknowledged, and for the further purpose of perfecting the title in the said Hazlewood in and to the mineral rights and interest conveyed to him by the parties above mentioned, in the respective deeds hereinbefore referred to, I, E. Y. Jennings, of the County of Stephens, and State of Texas, do hereby sell, assign, release and convey unto the said Anson Hazlewood, of the County of Palo Pinto and State aforesaid, all the rights, title, and interest owned, claimed or held by me in and to the mineral rights and interests conveyed by the parties above mentioned, to the said Hazlewood, in and to each and all of the tracts of land described in the several deeds aforesaid, which deeds and the mineral interest therein conveyed are here referred to and made a part hereof, but it is not my intention to convey to the said Hazlewood, any interest in the minerals, in, on or under the said tracts of land above described, other than the interests conveyed therein by the said J. V. Jennings, Eddie Jennings, D. W. Fish and wife Eloiza Fish, W. C. Barnes and wife Luta

Barnes, to the said Anson Hazlewood, in and by virtue of each and all of the deeds hereinbefore referred to, reserving to myself, the balance of the mineral rights in said lands other than such as was conveyed by said deeds.

Petitioner retained all of the $16,000 originally paid by Anson Hazlewood.

E. Y. Jennings on September 19, 1924, made an affidavit that he regarded his relation to the real estate in question as that of trustee and that he did not regard his quitclaim deed as a gift.

### OPINION.

STERNHAGEN : We are of opinion from the evidence that the Commissioner correctly held the $16,000 received by petitioner as income to her. It was the proceeds of a sale of whatever she had. There is no evidence of cost or other basis to measure the gain upon which we can find it to be less than the full amount.

There is not the slightest evidence to support petitioner's argument that Jennings intended to or did make a gift to petitioner either of the property or the proceeds. His quitclaim deed to Hazlewood was a confirmation in Hazlewood of his title. It affected petitioner only by relieving her from a possible lawsuit. She already had the income.

> *Judgment will be entered for the Commissioner.*